**In the Matter of FSC CORPORATION, Debtor.**

**Bankruptcy No. 81–2558.**

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 15, 1983.

Bruce McCullough, Pittsburgh, Pa., for debtor.

Stanley Levine, William Kahn, Pittsburgh, Pa., for the Subordinated Debentureholders Committee.

Hilliard Kreimer and Allan Lefkowitz, Pittsburgh, Pa., for Committee of Unsecured Creditors.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

Presently before the Court is the application of the Subordinated Debentureholders Committee of FSC Corporation to vacate and modify a prior Order of Court authorizing retention of Debtor's counsel to defend certain of Debtor's former officers in connection with federal securities litigation commenced in the United States District Court for the Western District of Pennsylvania. Also before the Court are two petitions for compensation filed by counsel for the Debtor, Buchanan, Ingersoll, Rodewald, Kyle and Buerger, hereinafter "BIRKB" in connection with their representation of the former officers in the securities litigation. The petitions for compensation have been held in abeyance pending resolution of the application at bar.

The facts are briefly as follows. In December, 1981 an action was commenced by Eve Milberg in the United States District Court for the Western District of Pennsylvania against various parties, including certain of FSC's former officers and directors. Among the allegations therein were certain securities fraud and misrepresentation. Thereafter, Debtor sought authorization to retain BIRKB for defense of the officers, and the court granted the same on February 3, 1982.

In its application, the Committee of Subordinated Debentureholders seeks an order vacating the retention order of February 3, 1982 and directing BIRKB to remit to the estate all fees previously allowed in connection with the Milberg litigation. In the alternative, the Committee seeks an order requiring each defendant to post a bond for legal fees related thereto.

In its brief in support of the application, the Committee of Subordinated Debentureholders avers that dual representation of a Chapter 11 corporate debtor and its former officers by the same law firm is improper and requires disqualification of counsel and disallowance of its fees and expenses. The Committee of Equity Shareholders have submitted a memorandum of law in support of the application of the Committee of Subordinated Debentureholders.

However, the Unsecured Creditors' Committee opposes the application at bar. In its brief in opposition thereto, it avers that after full disclosure and careful review of the situation at bar, it was satisfied that no conflict of interest existed. Accordingly, it consented to the entry of an order authorizing retention of BIRKB for purposes of representing FSC's former officers in the Milberg litigation.

In its reply to the application of the Subordinated Debentureholders Committee, Debtor avers as follows. The Unsecured Creditors' Committee considered the officers' need for legal representation and conflict of interest associated therewith in great detail at its regularly called meeting in January, 1982. At that time, it reaffirmed its position that the reorganization could not proceed without the continued assistance of the officers in question. Moreover, those officers had only nominal equity in the Debtor, if any; and the likelihood of judgments being rendered against them was minimal. Further, in light of BIRKB's familiarity with the intricacies of this highly complex reorganization, retention of BIRKB for representation of the former officers would serve to eliminate duplication of effort and unnecessary expense.

Debtor further contends that § 303 of Delaware General Corporation Law is adequate authority for the Court's authorization of retention of counsel for and on behalf of the former officers of the estate. In addition thereto, the Court has the requisite power for entry of such an order under § 105 of the Bankruptcy Code.

The Court agrees. In the case at bar, the Court is of the firm opinion that competent defense of the officers in question was essential to Debtor's efforts to reorganize.

While potential for conflict of interest may arise when counsel represents both a corporate debtor and its officers, the Court is satisfied that none exists here. Further, the order of February 3, 1982 was entered after full disclosure to the Court, and with the consent of the Unsecured Creditors' Committee, including the debentureholders Trustee, U.S. Trust. Accordingly, the application of the Subordinated Debentureholders Committee will be denied.

 The Court now turns to the two petitions for compensation filed by BIRKB for legal services rendered in connection with the Milberg action. Therein, BIRKB seeks payment in the amount of $11,368 for the period between 5/4/82 and 12/23/82; and $2,437.50 for services and $527.86 for expenses during the period of 1/4/83 through 4/30/83. After careful examination of the fees and expenses requested, the Court finds that they are fair and reasonable, and will approve the same.

An appropriate order will be entered.